**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT WILHELM, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| RUTH'S HOSPITALITY GROUP, INC., CHERYL HENRY, ROBIN P. SELATI, GIANNELLA ALVAREZ, MARY BAGLIVO, CARLA R. COOPER, STEPHEN M. KING, MICHAEL P. O'DONNELL, and MARIE L. PERRY, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Robert Wilhelm ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Plaintiff against Ruth's Hospitality Group, Inc. ("Ruth's Hospitality" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Darden Restaurants, Inc. ("Darden").[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

2. On May 2, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Darden and Darden's wholly owned subsidiary Ruby Acquisition Corporation ("Purchaser"). The Merger Agreement provides that Company stockholders will have the right to receive $21.50 in cash per share of Ruth's Hospitality common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the May 16, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Purchaser commenced the Tender Offer on May 16, 2023.

[3] The Tender Offer is currently scheduled to expire at 11:59 p.m., New York City time, on Tuesday, June 13, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Ruth's Hospitality common stock.

10. Defendant Ruth's Hospitality is a Delaware corporation with its principal executive offices located at 1030 W. Canton Avenue, Suite 100, Winter Park, Florida 32789. Ruth's Hospitality's shares trade on the Nasdaq Global Select Market under the ticker symbol "RUTH." Ruth's Hospitality develops and operates fine dining restaurants under the trade name Ruth's Chris Steak House. As of December 25, 2022, there were 154 Ruth's Chris Steak House restaurants, including 77 Company-owned restaurants, three restaurants operating under contractual agreements and seventy-four franchisee-owned restaurants, including twenty-three international franchisee-owned restaurants in Aruba, Canada, China, Hong Kong, Indonesia, Japan, Mexico, Philippines, Singapore, and Taiwan. All Company-owned restaurants are

located in the United States.

11. Defendant Cheryl Henry is and has been Chairperson of the Board and President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Robin P. Selati is and has been Lead Independent Director of the Company at all times relevant hereto.

13. Defendant Giannella Alvarez is and has been a director of the Company at all times relevant hereto.

14. Defendant Mary Baglivo is and has been a director of the Company at all times relevant hereto.

15. Defendant Carla R. Cooper is and has been a director of the Company at all times relevant hereto.

16. Defendant Stephen M. King is and has been a director of the Company at all times relevant hereto.

17. Defendant Michael P. O'Donnell is and has been a director of the Company at all times relevant hereto.

18. Defendant Marie L. Perry is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20. On May 3, 2023, Darden and the Company jointly announced in relevant part:

ORLANDO, Fla., May 3, 2023 /PRNewswire/ -- Darden Restaurants, Inc. ("Darden") (NYSE:DRI) and Ruth's Hospitality Group, Inc. ("Ruth's") (Nasdaq: RUTH), jointly announced today that they have entered into a definitive merger agreement pursuant to which Darden will commence a tender offer to acquire all of the outstanding shares of Ruth's for $21.50 per share, in an all-cash transaction with an equity value of approximately $715 million. Ruth's, owner and operator of Ruth's Chris Steak House ("Ruth's Chris"), will complement Darden's portfolio of differentiated brands which currently includes Olive Garden, LongHorn Steakhouse, Yard House, Cheddar's Scratch Kitchen, The Capital Grille, Seasons 52, Bahama Breeze and Eddie V's.

Ruth's Chris was founded in 1965 in New Orleans, Louisiana, by Ruth Fertel and features signature USDA Prime steaks served sizzling on 500-degree plates, New Orleans-inspired sides and an award-winning wine list.  Ruth's Chris has 154 locations around the globe, including 80 company-owned or -operated restaurants and 74 franchised restaurants, generating systemwide sales of over $860 million, total revenues over $500 million, and average annual restaurant volumes for company-owned or -operated locations of $6.2 million in Ruth's fiscal year 2022.

"Ruth's Chris is a strong and distinctive brand in the fine dining segment with an impressive history of delivering elevated dining experiences to their loyal guests," said Darden President and CEO Rick Cardenas.  "It fits the criteria we have for adding a brand to our portfolio and supports our winning strategy. Ruth's Chris is a great complement to our portfolio of brands, and I'm pleased to welcome their nearly 5,000 team members to Darden."

Cheryl Henry, President, CEO and Chairperson of Ruth's, stated, "We are excited about the opportunity to join the Darden family.  Our strategy and operating philosophy aligns well with Darden, and we have a strong cultural fit that should ensure a smooth transition.  This transaction will also provide more opportunities for our team members to develop in their careers as we continue to grow our 57-year-old iconic brand."

**Highlights**

- Darden has agreed to acquire Ruth's for $21.50 per share, with a total transaction equity value of approximately $715 million, representing a 34% premium to the May 2 closing price and a 32% premium to the 30-day volume weighted average price.

- Purchase price represents a 9.4x implied multiple of Ruth's fiscal year 2022 Transaction Adjusted EBITDA.*

- Darden expects pre-tax synergies of between $5 and $10 million within the first year, and between $15 and $20 million in the second year.

- Total acquisition and integration-related expenses are expected to be approximately $55 to $60 million.

- Expected to be accretive to Darden's diluted net earnings per share in fiscal year 2024 by approximately 10 to 12 cents, excluding acquisition and integration-related expenses.

- Transaction is expected to be completed in June, subject to satisfaction of customary closing conditions.

- The transaction has been unanimously approved by the boards of directors of both Darden and Ruth's.

- Cheryl Henry will continue to lead as President of Ruth's Chris and will report to Rick Cardenas.

*\* See the "Non-GAAP Information" below for more details, including Darden's definition of Transaction Adjusted EBITDA and a reconciliation to Ruth's Net Income.*

**Summary of the Transaction**

Under the terms of the merger agreement, a wholly-owned subsidiary of Darden ("Merger Sub") will commence a tender offer to acquire all of the outstanding shares of Ruth's for $21.50 per share in cash. This represents a premium of approximately 34% to Ruth's closing stock price on May 2, 2023 and a premium of approximately 32% per share to Ruth's 30-day volume-weighted average price. Ruth's board of directors unanimously recommends that Ruth's stockholders tender their shares in the tender offer. Additionally, all of Ruth's directors and executive officers have (subject to certain terms and conditions) agreed to tender their shares, representing approximately 4.4% of Ruth's outstanding common stock, in the tender offer.

Darden has sufficient liquidity to complete the all-cash transaction without obtaining additional financing. Darden expects to continue to maintain a strong balance sheet and have sufficient capital to achieve its stated capital allocation priorities of maintaining existing restaurants, growing new restaurants and returning capital to shareholders through dividends and strategic share repurchases.

The closing of the tender offer will be subject to certain conditions set forth in the merger agreement, including the tender of shares representing at least a

majority of the total number of Ruth's outstanding shares, the expiration or termination of the applicable waiting period under the HSR Act and other customary conditions. Upon the successful completion of the tender offer, Darden will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price per share.

**Advisors**

Hunton Andrews Kurth LLP is acting as legal advisor to Darden. Jefferies LLC is acting as exclusive financial advisor, and Kirkland & Ellis LLP is acting as legal advisor to Ruth's.

**The Materially Incomplete and Misleading Solicitation Statement**

21. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on May 16, 2023. The Solicitation Statement, which recommends that Ruth's Hospitality stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Jefferies LLC ("Jefferies"); and (c) potential conflicts of interest faced by Boston Consulting Group, Inc. ("BCG") and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Projections*

22. The Solicitation Statement fails to disclose material information concerning the Company's financial projections, including the line items underlying Ruth Hospitality's forecasts for Adjusted EBITDA and Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Jefferies' Financial Analyses*

23. The Solicitation Statement fails to disclose material information concerning Jefferies' financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* performed by Jefferies, the Solicitation Statement fails to disclose: (a) the *unlevered*, after-tax free cash flows of the Company during calendar years ending December 31, 2023 through December 31, 2027 used by Jefferies in the analysis, and the underlying line items, or clarification that Jefferies used the free cash flows for the Company set forth on page 28 of the Recommendation Statement in its analysis; and (b) the terminal values for the Company.

25. With respect to the Selected *Public Companies Analysis* performed by Jefferies, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the companies analyzed; (b) the Company's estimated EBITDA for FY 2023E and FY 2024E; and (c) the Company's net debt as of December 31, 2022.

26. With respect to the *Selected Transactions Analysis* performed by Jefferies, the Solicitation Statement fails to disclose: (a) the individual multiples and financial metrics for each of the transactions analyzed; (b) LTM Adjusted EBITDA of the Company for the twelve months ended March 31, 2023; and (c) the Company's net debt as of March 31, 2023.

27. With respect to the *Premiums Paid Analysis* performed by Jefferies, the Solicitation Statement fails to disclose the identities of the transactions observed and their respective individual premiums.

*Material Misrepresentations and/or Omissions Concerning BCG's and Company Insiders' Potential Conflicts of Interest*

28. The Solicitation Statement fails to disclose material information concerning BCG's potential conflicts of interest, including: (a) the role BCG had during the sale process, including whether BCG was formally engaged by the Company; (b) any analyses performed by BCG; (c) the compensation BCG expects to receive for its services; and (d) the details of any

8

prior services BCG has performed for any parties to the Merger Agreement, and any compensation received for such services.

29. The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Darden's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Jefferies LLC," "Background of Offer and Merger," and "Potential for Future Arrangements" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Ruth's Hospitality will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Ruth's Hospitality stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Ruth's Hospitality, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Ruth's Hospitality stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

44.  Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

45.  As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

46.  Plaintiff repeats all previous allegations as if set forth in full.

47.  The Individual Defendants acted as controlling persons of Ruth's Hospitality within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Ruth's Hospitality, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Ruth's Hospitality stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief,

including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

        A.     Preliminarily and permanently enjoining defendants and all persons acting in Ruth's Hospitality with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

        B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.     Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 22, 2023                   **LONG LAW, LLC**

                                By:  */s/ Brian D. Long*
                                     Brian D. Long (#4347)
                                     3828 Kennett Pike, Suite 208
                                     Wilmington, DE 19807
                                     Telephone: (302) 729-9100
                                     Email: BDLong@LongLawDE.com

                                     *Attorneys for Plaintiff*